IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,596-01






EX PARTE CHRIS L. VASQUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2008-420,480-A IN THE 140TH DISTRICT COURT


FROM LUBBOCK COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to forty-five years' imprisonment. The Seventh Court of Appeals affirmed
his conviction. Vasquez v. State, No. 07-10-00325-CR (Tex. App.--Amarillo 2011, pet. ref'd).

 Applicant contends, among other things, that appellate counsel rendered ineffective
assistance because he failed to challenge the validity of a restitution order on direct appeal. We
remanded this application to the trial court for findings of fact and conclusions of law. The trial
court has determined that appellate counsel rendered ineffective assistance. We find that Applicant
is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in cause
number 2008-420,480 from the 140th District Court of Lubbock County. Applicant is ordered
returned to that time at which he may give a written notice of appeal so that he may then, with the
aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial
court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant
on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date
on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an
appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30
days after the mandate of this Court issues. Applicant's remaining claims are dismissed. Ex parte
Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997).

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: October 30, 2013

Do not publish